UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:10-cr-00276 |
| | ) | CHIEF JUDGE CAMPBELL |
| v. | ) | |
| | ) | |
| DEVAN THOMPSON. | ) | |

*Order*

*The Amendment to the Plea Agreement is approved.*

*Todd Campbell*
*7/5/12*
*U.S. District Judge.*

## AMENDMENT TO PLEA AGREEMENT

The United States of America, through Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Braden H. Boucek, and defendant, Devan Thompson, and defendant's counsel, Caryll S. Alpert, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have agreed to amend the plea agreement previously entered in this case. This amendment changes the plea agreement only with respect to the recommendation of a term of incarceration and the waiver of appellate rights only. Except as specifically outlined in this written amendment to the plea agreement, the terms stated in the prior agreement remain effective in their entirety.

1. The parties agree to recommend that the Court sentence the defendant to a term of incarceration of 70 months. The parties jointly take the position that a term of incarceration of 70 months is the appropriate sentence in light of the factors set forth under 18 U.S.C. § 3553(a).

2. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

3. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence that includes a term of incarceration of 70 months. Defendant also knowingly waives the right to challenge any sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence imposed in this case that includes a term of incarceration of 70 months.

4. No promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

5. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 7/5/12

DEVAN THOMPSON
Defendant

Defense Counsel Signature: I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 7/5/10

_____
CARYLL ALPERT

Respectfully submitted,

JERRY E. MARTIN
United States Attorney

By: _____
BRADEN H. BOUCEK
Assistant U.S. Attorney

_____
PHILLIP WEHBY
Deputy Chief